# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:13-CR-5-9-JRG-RSP |
| | § | |
| DEJUAN MARTEZ CHEATHAM | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On August 30, 2018, the undersigned held a final hearing on the Government's petition (#339) to revoke supervised release. The Government was represented by Assistant United States Attorney Heather Rattan. The Defendant, Dejuan Martez Cheatham, was represented by public defender, Ken Hawk.

Dejuan Martez Cheatham was sentenced on May 13, 2014, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Use of a Communication Facility to Facilitate the Commission of a Felony, a Class E felony. This offense carried a statutory maximum imprisonment term of 4 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months. Dejuan Martez Cheatham was subsequently sentenced to 30 months imprisonment followed by a one year term of supervised release subject to the standard conditions of release, plus special conditions to include drug testing and treatment, financial disclosure, and a $100 special assessment. On July 12, 2017, Dejuan Martez Cheatham completed his period of imprisonment and began service of the supervision term.

On August 23, 2017, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Specifically, the Government alleges as follows: The defendant was released from the custody of the Bureau of Prisons on July 12, 2017. He returned to custody on July 13, 2017, and was released again on July 14, 2017. Mr. Cheatham contacted the U.S. Probation Office on July 18, 2017, and was instructed to report on July 20, 2017. He did not report or contact the U.S. Probation Office, and his whereabouts are unknown at this time.

2) <u>Mandatory</u>: The defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: On July 13, 2017, the defendant was arrested by the Tyler, Texas, Police Department for committing the offense of Public Intoxication.

3) <u>Standard</u>: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: The defendant drank alcohol to excess as noted by his arrest for Public Intoxication on July 13, 2017.

4) <u>Standard</u>: The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Specifically, the Government alleges the following: The defendant failed to notify the U.S. Probation Office, he was arrested on July 13, 2017.

5) <u>Standard</u>: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any

paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: The defendant submitted a urine specimen at the U.S. Probation Office on August 3, 2017, and tested positive for cocaine.

The Court scheduled a revocation hearing for August 30, 2018. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be sentenced to time served. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #1, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be sentenced to time served.

At the close of the August 30, 2018 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the

recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 30th day of August, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE